UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01450-RBJ

ORP SURGICAL, LLC, a Colorado limited liability company; and
LEE PETRIDES

Plaintiffs

v.

HOWMEDICA OSTEONICS CORP, a New Jersey corporation,

Defendant.

## Special Master Report No. 15
## FINDINGS AND RECOMMENDATION RE: RECOSIDERATION OF REPORT NO. 13

    This matter is before the Special Master pursuant to appointment by the Court on May 19, 2021. Pursuant to the Order of Appointment the Special Master is to address discovery disputes as they arise from time to time during the continuation of this case, and provide the Court with Findings and Recommendations which may be brief, and which will be subject to objection and judicial review within 14 days of the Special Master's Report, if requested by a Party.

    Report No. 15 addresses Defendant Stryker's Renewed Motion with regard to three specific findings and recommendations in Special Master Report No. 13. The Special Master finds and recommends to the Court as follows.

1

### A. Deemed Admission re: Defense and Indemnification for claims against the Sales Reps.

One of the hotly contested issues in this litigation concerns what promises and inducements Stryker offered to the 14 former ORP Sales Representatives to leave ORP and join Stryker, and when, where, and how any such promises were made. This is not an issue that just came to light recently, but was part and parcel of the discovery dispute that prompted the Court to appoint a Special Master for Discovery.

Report No. 13 addressed ORP's requested sanctions regarding Stryker's discovery conduct, specifically improper objections and commentary and defending depositions and delayed and incomplete document disclosure and production. Report No. 13 was filed with the Court on November 15, 2021.

One of the recommendations in Report No.13, which is the subject of this Report No.15, reads as follows:

> Next is ORP's request that Stryker be deemed to have admitted that it agreed with the 14 former ORP sales representatives that it would supply defense costs and provide indemnification if they were sued by ORP. <u>The Special Master, given the totality of the circumstances, finds and recommends that the Court do so</u>.

In its Motion for Reconsideration (filed on November 18, three days after Report No. 13 was issued, and in the Renewed Motion filed December 1, 2021) Stryker contends that it never agreed to indemnify the Sales Reps before they were hired, or before the State Litigation or this Federal Litigation were filed. In support of this contention Stryker directs the Special Master to "Defendant's Supplemental Responses to Plaintiffs' Interrogatory Nos. 3, 11 and Request for Production Nos. 4 and 21" which was verified "To the best of Mr. Jacob's knowledge" and filed on November 18, 2021.

By all appearances, the above finding and recommendation in Special Master Report No. 13 prompted Stryker to supplement its answer to the interrogatory. The interrogatory specifically asked about any indemnification promised to the 14 former ORP Sales Reps. It had been propounded approximately a year ago and was the

2

subject of Special Master Report No. 2 issued on July 27, 2021. On that date the Special Master found and recommended:

> What the Plaintiffs are seeking, and what they are entitled to, are copies of all documents and agreements, and any communications regarding such, between Stryker and any one or more of the 14 Sales Reps wherein Stryker agrees to indemnify, reimburse, or directly pay for any or all of the attorney's fees and costs the 14 Sales Reps may incur in defending against claims arising out of their departure from Plaintiffs to join Stryker.

In support of its position, Stryker also directs the Special Master to the deposition testimony of Jacobs, Bonessi and Hoelscher on pages 11 – 13 of its Response to the Discovery Dispute Statement that resulted in Report No. 13. (No. 256). The Special Master notes that the quoted testimony does not directly address or answer the question regarding Stryker's commitment or promise to pay the legal fees for the former sales reps which had been squarely presented in Report No. 2.

Plaintiff ORP notes in its Response that there is email and telephonic evidence between one of the former ORP Sales Reps, Austin Olson and his wife, and Bonessi, Shackelford, and Sebald (all representatives of Stryker) specifically discussing an agreement to represent and defend Mr. Olson. ORP also notes evidence of similar discussions with other former Sales reps.

The Special Master notes that the extremely tardy and after the fact supplement to the interrogatory response with a "to the best of my knowledge" verification raises, the specter of a disputed issue of fact. However, the Special Master reaffirms its Finding and Recommendation, which was based on the totality of the underlying circumstances without the benefit of the supplemental discovery response, as an appropriate sanction under the circumstances. That being said the Special Master recognizes that the finding of a pre-hiring promise to the 14 Special Reps addresses a critical issue in this case. However, such is an issue and problem created by Stryker's failure to make the requisite disclosures and provide the requisite testimony in a prompt and timely fashion.

The foregoing notwithstanding, the effect that the requested Finding may have upon any essential questions to this litigation may be a sanction which the Court may find too severe. However, the Special Master has been unable to articulate a lesser but sufficient sanction, and neither party has suggested any such sanction. Perhaps,

the Court in its wisdom may be able to do so.

### B. Stryker's Rule 36(b)(6) witness preparation.

In light of the supplemental interrogatory responses filed after Stryker received Special Master Findings and Recommendation No. 13 specifically addressing the question of Stryker's indemnification of the 14 former ORP Sales Reps, and what has come to light in the State Court action regarding emails surrounding indemnification promises for Mr. Olson and perhaps other former Sales Reps, there is no question that the individual designated by Stryker to be its 30(b)(6) rep should have been prepared to testify as to promises, discussions, representations, etc. between Stryker and any one or more of the 14 former Sales Reps concerning the indemnification issues. As noted above this issue was specifically addressed by the Special Master last July. If Mr. Jacobs was unable to provide the requisite testimony, then Stryker had an obligation to designate a different individual, or individuals who were able to do so on behalf of Stryker.

The Special Master declines to modify its prior Finding a Recommendation in this regard.

### C. Allocation of Special Master Fees.

Stryker disagrees with the Special Master's recommendation that it reimburse ORP for two thirds of the costs ORP incurred for the Special Master. It contends that as to the document productions at issue it complied with every Special Master ruling and the timing of each order to produce. Without reviewing the history of the 14 prior Special Master Reports in detail, it is noted that a significant number of them were required because of Stryker's failure to meet its disclosure and discovery obligations without the need for Special Master involvement. The most recent is discussed above where Stryker waited until after it had received the Special Master's Findings and Recommendations before supplementing its interrogatory response. That should have been addressed no later than last summer when Report No. 2 was issued clarifying clearly that such information should have been disclosed, and that it needed to be disclosed. The Special Master declines to modify its prior Finding a Recommendation in this regard.

4

Submitted this December 7, 2021.

                                      Charles M. Pratt, Special Master
                                      Judicial Arbiter Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2021, a true and correct copy of the foregoing ***Report*** was served via electronic filing (*CCE)*, addressed to the following:

All Counsel of Record

                                        Original Signature on File
                                        Leah McGirr, Administrative Clerk
                                        Judicial Arbiter Group, Inc.