IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-01450-RBJ

ORP SURGICAL, LLP, a Colorado limited liability company, and
LEE PETRIDES,

    Plaintiffs,

v.

HOWMEDICA OSTEONICS CORP, a New Jersey corporation,

    Defendant.

## ORDER on TRIAL RESUMPTION DISPUTE

The bench trial of this case began on December 13, 2021; continued through the week; and was to continue for at least two more days in the week of December 20, 2021. However, before the trial resumed the Court was informed that two of the defendant's four lawyers who had been present during the first week of trial; and its client representative who had been present through the week and had testified at length; and its in-house counsel who had been present in the gallery; and a witness expected to be called as the trial resumed in the second week; had all tested positive for COVID-19. This was confirmed during a telephonic hearing on December 20, 2021. ECF No. 337 (transcript). The Court was further informed, several times, that one of the infected individuals, a Mr. James Demorest, was said to be "very ill," even "very, very ill." *Id.* at 4, 17.

1

The defense team further informed the Court that they were not agreeable to finishing the trial remotely because plaintiff had had the opportunity to present its witnesses live. *Id.* at 6. The Court provided several dates to the parties for the resumption of the trial in person. The only date accepted by both sides was March 24-25, even though those dates were already committed to a related trial between plaintiff and several of its former (now defendant's) employees in state court. Nevertheless, the Court accepted their representation and set the continuation of the trial for those two days.

Ever suspicious and distrusting of certain of the defendant's legal team, plaintiffs were skeptical of the bona fides of the representations regarding COVID infections, and they hired a private investigator to conduct surveillance of the residence of Mr. Demorest, the individual said to be very ill. The private investigator reported that the same day that the Court had been told that he was "very, very ill," December 20, 2020, an individual fitting Mr. Demorest's description (later confirmed to be him) was seen entering his apartment building carrying grocery bags. ECF No. 342-3 at 2. On the morning of December 21, 2020 the private investigator observed Mr. Demorest leaving the apartment complex in his vehicle. He was followed to a 7-11 where he pumped gas; then to a marijuana dispensary; and then back to the apartment complex. Later that day the private investigator's partner observed Mr. Demorest loading suitcases and other items into his vehicle and then driving away. Surveillance was terminated after the two private investigators followed him on I-25 as far as Castle Rock, Colorado. *Id.* at 2-5.

On the strength of those observations, plaintiff complained to the Court that "the trial recess may not have been requested in good faith." ECF No. 342. However, plaintiff does not know that counsel's representations about Mr. Demorest's being "very, very ill" as of December

20, 2021 were a misrepresentation.  Defendants state that Mr. Demorest indicated that he began feeling ill on December 15, including a temperature of 101 and flu-like symptoms; that he tested negative in a home test for COVID on December 17; that he tested positive in a home test on December 18; that he tested positive in a PCR test of December 20; and that he had reported feeling very sick.  ECF No. 349 at 2-3.  He tested positive again on December 25.  *Id.* at 3-4.  If Mr. Demorest informed counsel that he felt very sick with COVID and tested positive on December 18 and December 20, 2021, but then was apparently interacting with at least the people at the marijuana dispensary on Monday, if not more, then that would reflect an astonishing disregard for the health and safety of others.

While the Demorest saga is disturbing, the fact remains that several other trial participants also tested positive.  I would have suspended the trial for that reason alone.  But that just leads to the next problem.  Defense counsel, who are counsel for the defendants in the state case, have "vehemently opposed" a continuance of that case, and the state court has denied plaintiff's request for a continuance of that case.  ECF No. 342 at 3.  So, we have the same lawyers committed to the resumption of our case and the trial of the state case on the same days.  That does indeed make me wonder why defendant agreed to the March 24-25 resumption dates in our case.

The level of animosity, distrust, and manipulation that has occurred in this case is unprecedented in my experience.  The problem with the date for resuming the trial is just the latest chapter.  The Court now vacates the March 24-25, 2022 resumption date.  The state court, understandably, refused to continue that trial setting over defendants' opposition.

The best date on the Court's calendar in the near term is March 1-2, 2022. The Court has one remaining criminal trial set that week which takes precedence, but the odds are that it will not go. The Court also has an all-day criminal hearing set for March 3, 2022. However, in the unlikely event that it takes more than two days to finish the present case, we have March 4, 2022 open. That will be the trial resumption date unless a party has a compelling and unclearable conflict with that date.

If either or both of the parties have a compelling and unclearable conflict with that date, then as a last-ditch effort to get this case concluded, the Court will provide a list of the three best available options remaining on the Court's docket. The Court will grant each side one veto, and the remaining date will be the trial resumption date. If you wish to avoid that solution, you should seriously consider resuming on March 1, 2022 and clearing whatever conflicts the parties or members of their trial teams might have.

Finally, please stop filing substantive statements of position and responses in emails to Chambers. Chambers staff is available to assist with logistical matters and questions, but your substantive disputing and debating should be done in pleadings filed in ECF.

Dated this 26th day of January, 2022.

BY THE COURT:

*[signature: Brooke Jackson]*

R. Brooke Jackson
Senior United States District Judge